CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 05 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KERRY VON RESSE COOK,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:05-cv-00493 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| **COL. R. MATTHEWS, et al.,** | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the court upon plaintiff's motion to amend his complaint to substitute as defendants Nurse Sellari and Nurse Coleman for two previously named John Doe defendants. Additionally, plaintiff seeks to particularize the facts of his claim that defendants failed to provide him with adequate medical care in violation of the Eighth Amendment.

Rule 15(a) of the Federal Rules of Civil Procedure provides that once a responsive pleading has been filed, a party may amend that party's pleading only by leave of the court, which shall be freely given when justice so requires, or if the adverse party consents. Fed. R. Civ. P. 15(a). As the defendants have not consented to Cook's amendment, the court must determine if the interests of justice support granting the amendment.

Permission to amend pleadings should be liberally granted. Forman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit has found that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986). Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. An amendment is prejudicial if it "raises a new legal theory that would require the gathering and analysis of facts not already

considered by the [defendant, and] is offered shortly before or during trial."Id. However, an amendment is not prejudicial if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980). Here, plaintiff seeks only to add additional evidence to support his claims that he was denied adequate medical care. In his original complaint, Cook alleged that defendants were aware of his need for colostomy bags, on several occasions failed to keep sufficient bags in stock to allow for the regular changing of those bags causing him to suffer both physical discomfort and actual injury, and repeatedly told Cook that such a shortage would not happen again. Plaintiff now seeks to substitute two previously unnamed defendants and include details of four additional instances in which the defendants "ran out" of the necessary bags and/or refused to change his colostomy bag. The court finds that plaintiff is not attempting to amend his complaint to add new claims, but rather seeks to particularize his claim that he has been repeatedly denied adequate and needed medical treatment related to his medical condition and name as defendants previously unknown persons. Moreover, as the defendants have not yet filed a response on the merits of plaintiff's claim, the court finds that this amendment is not so late as to be prejudicial to their defense.

Additionally, the court finds that plaintiff's amendment is not made in bad faith, rather his amendment to name previously unknown defendants and to include specific dates and details related to his general claim that he has been repeatedly denied treatment for his medical condition, is the normal and expected result of being provided with a copy of his medical record.[1]

---

[1] In their response to the plaintiff's first motion to amend, the defendants argue plaintiff's motion to amend is made in bad faith specifically to delay the speedy resolution of this matter. As evidence of plaintiff's previously "obstreperous" conduct, defendants cite plaintiff's motion

2

Likewise, as the court has already determined that plaintiff's claims of denial of adequate medical treatment state a claim of constitutional magnitude and that plaintiff has exhausted his administrative remedies related to the defendants' repeated failure to provide him with colostomy bags, the amendment is also not futile.[2]

---

for evidence of counsel's credentials and objections to defendants' failure to produce all discovery prior to the taking of his deposition. Although unusual, the court finds that plaintiff's motion for credentials is not evidence of plaintiff's alleged intent to delay these proceedings.

Moreover, as to plaintiff's filing of documents related to his receipt of incomplete medical records prior to the deposition, the court notes that <u>after</u> the court found that plaintiff could reasonably refer to his medical record in formulating a response to defendants' questions regarding his medical condition at the deposition and <u>after</u> being directed to provide plaintiff with a full and complete copy of his medical record prior to the deposition, defendants failed to produce his record in a reasonable fashion. Defendants were granted a fourteen day extension of time within which to comply with the court's order and despite assuring the court plaintiff's medical records would be immediately forwarded to the plaintiff so that he would have sufficient time to review those records before holding the deposition, defendants delayed a week before sending the admittedly "voluminous" record to the plaintiff. The defendants' delay resulted in plaintiff receiving his records less than 24 hours before the scheduled deposition. Therefore, the court finds that plaintiff's questions related to the adequacy or completeness of those records, prior to the taking of his deposition, can be reasonably attributed to the fact that he had insufficient opportunity to review the records due to the defendants' delay.

Further, as the plaintiff is proceeding <u>pro se</u> in this matter the court will afford him a certain degree of latitude as to the style and format of his filings and shall afford him reasonable opportunity to bring all meritorious claims before the court and make amendment to his complaint as necessary. <u>See</u> <u>Gordon v. Leeke</u>, 574 F.2d 1147 (4th Cir. 1978). Therefore, the court finds that merely filing a motion to amend to further define a meritorious claim is insufficient to establish intent to delay.

[2]See Report and Recommendation, Docket Entry No. 23. Also, in their earlier opposition to plaintiff's motion to amend, defendants state that any attempt to amend to include the new dates would be futile because plaintiff did not exhaust all administrative remedies as to his complaints regarding the lack of medical treatment on those particular days and therefore, those claims must be dismissed pursuant to 42 U.S.C. § 1997e(a). However, prior to those dates, the institutional staff assured the plaintiff, on at least two separate occasions, that the medical department would keep in stock any necessary medical supplies to continue to treat his medical condition. Those responses were generated following Cook's complaints that the medical department failed to replace his colostomy bag after running out of the necessary bags earlier that year. Accordingly, plaintiff need not have exhausted all administrative remedies every time, subsequent to that assurance, defendants refused to change his colostomy bags because of

3

As such, it is hereby

**ORDERED**

that plaintiff's motion to amend shall be and hereby is **GRANTED**.

The Clerk of the Court is hereby **DIRECTED** to substitute as parties to this action Nurse Sellari and Nurse Coleman for John Doe defendants # 1 and # 2. Further, the clerk shall attempt service of process upon the defendants Nurse Sellari and Nurse Coleman by mailing a notice of waiver of service of summons and appropriate paperwork to each of the defendants in care of the Albermarle -Charlottesville Regional Jail, 160 Peregory Lane, Charlottesville, Virginia 22901.

Defendants are hereby **DIRECTED** to file a response on the merits of plaintiff's complaint, as amended, within thirty (30) days of the entry of this Order.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and Order to plaintiff and to counsel of record for the defendants.

ENTER: This 4th day of May, 2006.

United States Magistrate Judge

---

depleted supplies. See Abney v. McGinnis, 380 F.3d 663, 669 (2nd Cir. 2004)(stating that a prisoner who has not received the promised relief need not file a new grievance, as this would result in a "never-ending cycle of exhaustion").

4