CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KERRY VON RESSE COOK, ) | |
|     Plaintiff, ) | Civil Action No. 7:05-cv-00493 |
| ) | |
| v. ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| COL. R. MATTHEWS, et al., ) | By: Hon. Michael F. Urbanski |
|     Defendants. ) | United States Magistrate Judge |

This matter is before the court upon defendants' motion for reconsideration of this court's May 4, 2006 Memorandum Opinion and Order, granting plaintiff's motion to amend. Defendants argue that the court failed to consider the arguments made in their motion in opposition to the plaintiff's motion to amend. The court notes that the Memorandum Opinion and Order granting plaintiff's motion to amend was entered before defendants' filed their response in opposition to that motion; however, the court addressed all but two of the arguments made therein in the May 4, 2006 Memorandum Opinion and Order.[1] Accordingly, the court will now only address defendants' allegation that the plaintiff is attempting to delay these proceedings and that if his amendment is granted the defendants will be forced to incur additional expense to depose plaintiff regarding his new claims.

Permission to amend pleadings should be liberally granted. Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit has found that leave to amend a pleading should be denied

---

[1] In their opposition to plaintiff's second motion to amend, defendants made several arguments essentially identical to the arguments made in their response in opposition to plaintiff's first motion to amend. Those included: that they would be prejudiced if plaintiff were granted the opportunity to amend at such a "late" date, that plaintiff has acted in bad faith and repeatedly attempted to delay these proceedings, and plaintiffs amended claims are futile. As the court specifically addressed these arguments in the previous Memorandum Opinion and Order, the court does not find it necessary to readdress these arguments.

only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986).

Defendants argue that the plaintiff has acted in bad faith to intentionally delay the proceedings as evinced by his refusal to answer any questions regarding his new claims that he was denied adequate medical treatment on four additional dates. Defendants state that they informed plaintiff of his obligation to answer questions and would note his objection to answering those questions on the record, but that plaintiff absolutely refused to answer any questions regarding those dates or the alleged instances when the newly added parties failed to treat him. In support of these allegations, the defendants submitted a portion of the transcript of the deposition.

The court has reviewed the submitted deposition testimony, and although it is true that the plaintiff refused to answer defendants' questions regarding the newly added claims and defendants, the court finds that this is insufficient to deny his amendment. Plaintiff repeatedly stated that he would answer questions regarding these additional dates if the court granted his motion to amend to include those additional instances of harm. Plaintiff argued that if those claims were not included in this cause of action, he would have no duty to answer questions regarding those claims as they did not relate to the defendants' alleged failure to provide him with adequate medical care on previous occasions. Defendants do not claim plaintiff refused to answer any questions other than those related to the newly added claims. Certainly, plaintiff should have answered the deposition questions under Rule 26 of the Federal Rules of Civil Procedure. Despite his refusal, as the plaintiff is appearing pro se, the court will allow the

2

amendment in the interest of the efficient administration of justice so that all of his complaints regarding his medical care can be considered at one time. Accordingly, the court finds that alone, plaintiff's refusal to answer questions about claims which had not yet been added to his suit is not a sufficient reason to deny his amendment.

Defendants also argue that the addition of these claims to plaintiff's complaint would cause undue delay and prejudice as the defendants would be forced to incur the additional expense of conducting a third deposition. As addressed in this court's May 4, 2006 Memorandum Opinion and Order, the court finds that the defendants' delay was responsible for the problems encountered during the first deposition. Further, although unfortunate, merely the imposition of some inconvenience and additional expense in conducting another deposition does not warrant prohibiting plaintiff's amendment. See Foman, 371 U.S. at 182.

Moreover, as the May 4, 2006 Memorandum Opinion and Order granted defendants a thirty day extension to respond to plaintiff's new allegations, and as this will be the defendants' first response on the merits of plaintiff's allegation that he has been repeatedly denied adequate medical care related to his chronic medical condition, the court finds that the defendants are not so prejudiced as to warrant denying plaintiff's motion to amend.

As such, it is hereby

**ORDERED**

that defendants' motion for reconsideration is hereby **DENIED**.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and Order to plaintiff and to counsel of record for the defendants.

ENTER: This 11th day of May, 2006.

United States Magistrate Judge