CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
JUN 15 2006
JOHN F. CORCORAN, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KERRY VON RESSE COOK, <br> Plaintiff, | Civil Action No. 7:05-CV-00493 |
| v. | **MEMORANDUM OPINION** |
| COL. R. MATTHEWS, et al., <br> Defendants. | By: Samuel G. Wilson <br> United States District Judge |

This is an action pursuant to 42 U.S.C. § 1983 by plaintiff, Kerry Von Resse Cook, against the superintendent and various medical personnel at the Albemarle Charlottesville Regional Jail, defendants. Cook claims that defendants are denying him necessary medical treatment related to his colostomy and is seeking a preliminary injunction for adequate and immediate medical care.[1] Cook has been deposed and the court finds from his medical records and testimony, scant evidence to support a deliberate indifference claim. In fact, in the first thirteen months in which Cook complains that he received inadequate medical care, the medical staff examined him nearly two hundred times and, to date, it appears that he continues to receive prompt, through, and regular medical care both at the Jail and at the University of Virginia medical center. Indeed, in depositions on May 3, 2006 and May 25, 2006 Cook testified that he is fully satisfied with his medical care and that defendants are meeting all of his medical needs related to his colostomy. It follows that Cook has not established an imminent risk of serious

---

[1] See docket entry nos. 61, 71, and 75. Cook alleges that he is at imminent risk of harm because defendants Dr. Morris and Nurse Workman have issued a general order prohibiting plaintiff from being transferred to the institutional medical center without their approval, have delayed or refused to provide him with colostomy bags or colostomy bag supplies when his bag "bursts," and have advised plaintiff and institutional staff that it is not a "medical emergency" when plaintiff's colostomy bag bursts, thus even then he need not be taken to the institutional medical center, but rather can be treated at his cell or in the prison medical triage centers.

harm and, therefore, denies his motion for preliminary injunctive relief. Moreover, because Cook's medical records suggest that he has received constitutionally adequate medical care since his incarceration, Cook is directed to show cause why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b).[2]

## I.

Cook alleges that the defendants have generally failed to meet his medical needs because on several occasions the Jail ran out of replacement colostomy bags, thus he was forced to go without a clean bag, and that since he filed this civil action, defendants have issued a directive to correctional officers that they should not transfer him to the institutional medical unit without pre-approval from defendants Dr. Morris and Nurse Workman.

However, in contrast to his allegations, Cook's medical records clearly establish that to date he has received prompt and extensive medical care in response to his numerous and varied medical complaints and that he has received more than ample supplies to meet his colostomy needs.[3] For instance, between November 19, 2004, when Cook was first released from the medical unit and placed into the general population, and December 31, 2005 alone, Cook was examined by medical staff nearly two hundred times. Further, although Cook alleges that during that same span he was denied medical treatment and supplies for a cumulative period of twenty-

---

[2]Section 1915(e)(2)(b) provides that the court shall dismiss the case at any time if the court determines that the action is frivolous, malicious, or fails state a claim upon which relief may be granted.

[3]See Cook's Medical Records, Ex. D, Workman Aff., Defendants' Response to Court's May 19, 2006 Order.

2

two days, his records establish that he was actually examined thirteen times and received eighteen replacement bags during those twenty-two days. Moreover, in just the thirteen days preceding his first motion for preliminary injunctive relief medical staff examined and treated him on sixteen separate occasions following his complaints of various medical maladies.[4]

Furthermore, during his May 3, 2005 deposition, Cook testified that he was completely satisfied with the care he is receiving related to his colostomy and is getting all medical supplies "promptly, expeditedly, any way that [he needs] them, when [he needs] them."[5] Likewise, during the May 24, 2006 deposition he testified he still was being provided with more bags and supplies than he needed.[6]

## II.

A district court should issue preliminary injunctive relief sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if relief is denied; 2) the injury to the defendants if relief is granted; 3) the likelihood that plaintiff will succeed on the merits; and 4) whether it is in the public's interest to grant relief. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980), (citing, Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Without a showing that plaintiff will suffer actual imminent,

---

[4]See Cook's Medical Records, Ex. A, Morris Aff., Defendants' Response to Court's May 8, 2006 Order.

[5]See Cook Dep. Tr. May 3, 2006, p. 105-06.

[6]See Cook Depo. Tr. May 24, 2006, p. 4-7.

3

irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997). As such, plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted). Cook's motion for a temporary restraining order and a preliminary injunction fails in that regard.

Cook alleges that the defendants refuse to transfer him to the medical unit for treatment, thus putting him at substantial risk for future harm. However, Cook does not allege that the alternative offered by the defendants, treatment in his cell or at a triage unit, is so deficient as to put him at imminent risk of serious harm. Moreover, Cook's medical records establish that to date he has received prompt, thorough, and complete medical care whether treated in the medical unit, the medical triage unit in the pod, or in his cell. The record suggests that Cook has enjoyed the same standard of care throughout his imprisonment, regardless of where staff provided that care. Accordingly, the court finds that Cook has not established that he is at imminent risk of irreparable harm, and, therefore, denies his motions for preliminary injunctive relief.

### III.

Further, contrary to Cook's allegations, the record does not support a claim of deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must demonstrate that the defendants had actual knowledge of but disregarded an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A disagreement

between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligent treatment are not cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care; rather the right to medical treatment is limited to that treatment which is medically necessary, not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Cook alleges that he has been denied medical treatment and supplies on multiple occasions during his incarceration, but his medical records belie this claim. Further, to the extent he complains that he has not been provided with medical treatment or supplies as often as he deems necessary, this amounts to nothing more than a disagreement between medical staff and an inmate as to a proper course of treatment, which is not actionable under the Eighth Amendment.

## IV.

Thus, the court finds that Cook's motions for preliminary injunctive relief should be denied. Further, the court finds that the record establishes that Cook has failed to state a claim on which the court may grant relief and orders Cook to show cause why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b) within ten (10) days of the entry of this Memorandum Opinion.[7]

The Clerk is directed to send certified copies of this order to the plaintiff and to counsel

---

[7] Cook's mother has noted that Cook has been placed in "lockdown" and will respond as directed in the Roseboro notice to the defendants' motion for summary judgment "when he can." However, as evinced by Cook's receipt of this court's Roseboro notice, his communications with his mother, and his latest civil action, Cook v. Capt. A. Rodriguez, et. al., 7:06cv00353, his placement in "lockdown" has not inhibited his ability to communicate or correspond.

5

of record for the defendants, if known.

ENTER: This 14th day of June, 2006.

/s/ signature
United States District Judge