CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 30 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KERRY VON RESSE COOK,<br>Plaintiff, | )<br>)   Civil Action No. 7:05-CV-00493<br>)<br>)   **MEMORANDUM OPINION**<br>)<br>)   By:   **Samuel G. Wilson**<br>)         **United States District Judge**<br>) |
| v. | |
| COL. R. MATTHEWS, et al.,<br>Defendants. | |

By order entered June 15, 2006, the court directed Cook to show cause why, in light of medical records suggesting that Cook had received more than adequate medical attention related to his colostomy, the court should not dismiss his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).[1] Cook has filed a response, essentially asserting that medical staff were required to provide him with a replacement colostomy supplies any and every time he requested them. Cook does not dispute the accuracy of his medical records, though, and it is clear from those records that Cook received frequent medical attention for his colostomy needs. Cook believes his condition required further attention; however, his claim amounts to nothing more than an unactionable disagreement with medical staff concerning course of treatment. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (holding that a disagreement between an inmate and medical personnel over diagnosis or course of treatment are not cognizable constitutional claims under the Eighth Amendment). Accordingly, the court dismisses Cook's claim pursuant to 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim for which the court may grant relief.

---

[1] Section 1915(e)(2)(b) provides that the court shall dismiss the case at any time if the court determines that the action is frivolous, malicious, or fails state a claim upon which relief may be granted.

**ENTER:** This 30th day of June, 2006.

_/s/_
United States District Judge